**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE FLORES CRUZ, | No. 12-70884 |
| Petitioner, | Agency No. A075-480-748 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2013[**]

Before:    SCHROEDER, GRABER, and PAEZ, Circuit Judges.

Jorge Flores Cruz, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's denial of his motion to reopen removal proceedings. We have

jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

a motion to reopen, *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011), and we deny the petition for review.

The agency did not abuse its discretion in denying Flores Cruz's motion to reopen as untimely where the motion was filed nearly twelve years after his removal order became final, *see* 8 C.F.R. § 1003.2(c)(2), and Flores Cruz failed to show the due diligence required for equitable tolling of the filing deadline, *see Avagyan,* 646 F.3d at 679 (equitable tolling is available to a petitioner who is prevented from filing because of deception, fraud or error, and exercised due diligence in discovering such circumstances). Contrary to Flores Cruz's contention, the BIA did not create a per se rule when finding he failed to show the requisite due diligence. *See id.* (assessing the exercise of due diligence includes "ascertain[ing] . . . if petitioner is ignorant of counsel's shortcomings, whether petitioner made reasonable efforts to pursue relief").

In light of our determination, we do not reach Flores Cruz's contention regarding the absence of a complete record from the 1998 proceedings.

**PETITION FOR REVIEW DENIED.**

12-70884